# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| LARRY EARL RENO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Case No: CV 12-S-2575-W |
| ) | |
| WARDEN WILLIE THOMAS, and ) | |
| THE ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This case is before the court on the Report and Recommendation of the magistrate judge (doc. 15) and petitioner's objections thereto (doc. 17). The court will briefly address petitioner's objections.

It is undisputed that petitioner's conviction became final on September 12, 2008. (Doc. 15 at 4). Under the Antiterrorism and Effective Death Penalty Act, petitioner had until September 11, 2009, to file his federal habeas petition. 28 U.S.C. § 2244(d). He did not file a federal petition or any other state post-conviction appeal or motion during that time period that would toll the running of the statute of limitations. Petitioner filed his first post-conviction challenge on June 24, 2011, with

the filing of an application for writ of habeas corpus in Bibb County.[1] (Doc. 11 at 2). In his objections, petitioner argues that the one-year limitations period should not start running until the Alabama Supreme Court denied his Petition for Writ of Mandamus on May 2, 2012. (Doc. 17 at 10). However, "[w]hile a Rule 32 petition is a tolling motion under § 2244(d)(2), it cannot toll the one-year limitations period if that period has expired prior to filing the Rule 32 petition." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). In other words, because all of petitioner's post-conviction pleadings were filed outside of the federal limitations period, they did not act to toll the statute of limitations.

In his objections, petitioner also appears to argue that the limitations period should be tolled because he is ignorant of the law, had limited access to a law library, and only recently learned that there was a statute of limitations in federal habeas corpus proceedings. (Doc. 17 at 2). To the extent petitioner argues that the limitations period should be equitably tolled on these grounds, the objection is not well taken. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2)

---

[1] While petitioner's Reply seems to concede that this was the first post-judgment motion he filed (doc. 11 at 2), the exhibit attached to that response references a "Petition for the Issuance of Writ of Habeas Corpus § 15-21-24 through § 15-21-34" that was filed with the Jefferson County Court on August 19, 2010, and which the state argued should be regarded as a motion seeking Rule 32 relief. (Doc. 11 at 11-13). However, this fact does not alter the outcome of this case – the one year statute of limitations for filing a § 2254 habeas petition ran on September 11, 2009, well before the August 19, 2010 petition was filed.

that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner has simply not made the requisite showing. *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("We have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion. . . . As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'").

Finally, in his objections, petitioner objects to the magistrate judge's statement that "Petitioner has not asserted that he is actually innocent." (Doc. 17 at 11-12). However, petitioner still fails to argue that he was innocent of the underlying crime or to offer any evidence in support of that innocence.

In light of the above, it is clear that Reno's application for a writ of habeas corpus is barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d).[2]

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation (doc. 15) and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accordance with the recommendation, this petition for writ of habeas corpus is due

---

[2] In addition to considering petitioner's objections related to the timeliness of his petition, the court has also considered his other objections concerning whether his claims are procedurally barred. The court finds that those objections are not well taken.

to be dismissed with prejudice.  An appropriate order will be entered.

The court further finds that petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the court **DECLINES** to issue a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c)(2).

The Clerk is DIRECTED to mail a copy of this Memorandum Opinion to petitioner and counsel for the respondents.

DONE this 25th day of March, 2014.

_____
United States District Judge